**UNITED STATES of America, Plaintiff,**

v.

**DEL VALLE & DEL VALLE, INC. and Government Development Bank for Puerto Rico, Defendants.**

**Civ. No. 81–0394.**

United States District Court, D. Puerto Rico.

Dec. 2, 1981.

---

Raymond L. Acosta, U. S. Atty. by Vivian Reyes-Lopez, Asst. U. S. Atty., Hato Rey, P. R., for plaintiff; Paige E. Reffe, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., of counsel.

Roberto E. Garcia-Torres, Santurce, P. R., for defendants.

## MEMORANDUM OPINION AND ORDER

CEREZO, District Judge.

This is an action brought by the United States of America under 26 U.S.C. Sec. 7401 and 7403 to collect the unpaid tax liability of Del Valle & Del Valle, Inc. (hereinafter referred to as the taxpayer). Specifically, the suit seeks to foreclose a lien and to reduce tax liabilities to judgment. Both the plaintiff and defendant, Government Development Bank of Puerto Rico, have requested summary judgment. The question to be determined is whether a federal tax lien which was filed prior to the institution of a foreclosure proceeding is extinguished where there is a judicial sale instituted by a senior lienholder when the United States is not made a party to the suit requesting sale. The controversy at issue concerns the title to a piece of property located at Km 27 Hm 2, Road PR No. 2, Barrio Espinosa of the municipality of Dorado, Puerto Rico. No further questions remain, other than an interpretation of the law, accompanying the facts recited herein.

On February 22, 1977 a federal tax lien for the amount of $3,079.63 was recorded in the Registry of Property, Section 2 of Bayamón against the taxpayer. A first deed of trust mortgage had been recorded on October 19, 1972 for the amount of $105,000 which was held by the defendant, Government Development Bank of Puerto Rico. The taxpayer defaulted on his mortgage payments and on February 28, 1977, the Government Development Bank of Puerto Rico filed a complaint in the Bayamón Superior Court requesting the property previously described be sold by the Marshal at public auction to the best bidder, free of liens and encumbrances of any kind. The United States was not made a party to the suit requesting judicial sale. Neither the United States Attorney nor the Attorney General of the United States were ever served with process by registered or certified mail in that foreclosure action. On October 18, 1978 the property was sold at public auction to the only bidder present, the Government Development Bank of Puerto Rico on its bid of $25,000.

The defendant states in their opposition to plaintiff's cross-motion for summary judgment that pursuant to 28 U.S.C. Sec. 2410 it is optional to the party foreclosing any mortgage to include as a party in the proceedings the United States of America if it has any liens in the property subject to foreclosure and that the Government Development Bank decided not to name the United States as a party, although several notices and telephone calls were made to the Internal Revenue Service. It is this omission that defeats the defendant's argument that the foreclosure and sale of the property extinguished the federal tax lien on the property.

For support the defendant cites *United States v. Brosnan*, 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960); *Viuda De Mari v. Tribunal Superior*, 88 DPR 532 (1963) and *United States v. Cless*, 254 F.2d 590 (3rd Cir. 1958). All of these cases were decided prior to the Federal Tax Lien Act of 1966. By that Act, Section 7425 was added to the Internal Revenue Code, 26 U.S.C. Sec. 1, *et seq.* Section 2410 of Title 28 of the United States Code must now be read in conjunction with the new provision of the Internal Revenue Code and the cases cited by the defendant are no longer controlling. Under 28 U.S.C. Sec. 2410 Congress consented to the joinder of the United States in any civil action in any federal or state court having jurisdiction in certain types of actions. These actions include suits to foreclose a mortgage or other lien upon real property which the United States has or claims a mortgage or other lien upon. The procedure for naming the United States as a party is contained in 28 U.S.C. Sec. 2410(b). Although this proceeding is optional, as claimed by the defendant, 26 U.S.C. Sec. 7425 provides for the situation where the United States is not joined as a party pursuant to 28 U.S.C. Sec. 2410. If, as in this case, the Government has properly filed a notice of tax lien before the foreclosure proceedings commence, but the Government is not joined as a party in the judicial proceeding, in the event of a judgment to foreclose a mortgage, or a judicial sale pur-

suant to such judgment, the property remains subject to the lien of the United States. 26 U.S.C. Sec. 7425(a)(1); 1966 U.S. Code Cong. and Adm.News 3748–49 (Vol. 3); *Hotchkiss v. Starke,* 75–2 U.S.T.C. 9807, 36 A.F.T.R.2d 75–6047 (D.N.Y., 1975). Therefore, the deed which defendant Government Development Bank of Puerto Rico received was subject to the United States' tax lien.

There being no triable issues of fact and defendant's position having no merit, it is ORDERED that summary judgment be entered in favor of the United States for the entire relief requested in its original complaint.

SO ORDERED.